UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND A. HAMMOND and
PATRICIA J. HAMMOND,

    Plaintiffs,

v.                                    Case No: 8:21-cv-1658-CEH-MRM

CHARLES T. CANADY,

    Defendant.
_____

**ORDER**

This matter is before the Court upon periodic review. On July 11, 2022, the Court entered an order to show cause directing Plaintiffs, who are proceeding *pro se*, to file a response to the Order explaining why the Complaint had not been timely served on Defendant as required by Federal Rule of Civil Procedure 4(m) and to further explain why the Complaint should not be dismissed as barred by the *Rooker-Feldman* doctrine. Doc. 6. The Plaintiffs were to file a written response to the Court's Order to Show Cause by July 25, 2022. To date, Plaintiffs have not filed a response to the Court's Order, nor have they requested an extension of time to do so.[1] Because

---

[1] A copy of the Order to Show Cause was mailed to *pro se* Plaintiffs at the address of record that appears on the docket. A review of the docket reveals that the Order was never returned as undeliverable. On July 20, 2022, Plaintiffs filed a "notice of current email addresses." Doc. 7. In the notice, Plaintiffs indicate that effective July 28, 2022, the email address for Plaintiff Raymond Hammond will change due to a change in their internet service provider. *Id.* Plaintiffs state they will provide the new email address after that date. There is no indication by the notice that their mailing address changed, and in fact, the address listed on the notice below Plaintiffs' signatures is the same address that appears on the docket: 1004 Hammock Shade Drive, Lakeland, FL. 33809-4649. On August 3, 2022, Plaintiffs provided an updated

Plaintiffs have failed to demonstrate that they have timely served Defendant and failed to respond to the Court's Order to Show Cause, despite being given the opportunity to do so, this action is due to be dismissed, without prejudice.

A district court may dismiss a plaintiff's claims pursuant to Rule 41(b) or the court's inherent authority to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss this action or any claim against it." Fed. R. Civ. P. 41(b). The Eleventh Circuit has recognized that a district court may dismiss an action *sua sponte* for the plaintiff's failure to prosecute his case or obey a court order under Rule 41(b). *Betty K Agencies, Ltd.*, 432 F.3d at 1337.

Additionally, under the Middle District of Florida's Local Rules, a party's failure to comply with a deadline regarding filing proofs of service can result in dismissal of the action without notice and without prejudice. *See* M.D. Fla. Local Rule 1.10(d).

Here, Plaintiffs filed this action on July 9, 2021. Doc. 1. Plaintiffs paid the filing fee. More than a year has passed and there is no evidence of proper service on Defendant. While Plaintiffs filed what they designate as "Proofs of Service," (Doc. 4) the documents do not reflect service of the Complaint on Defendant in this case.

---

notice with Raymond Hammond's new email address. Doc. 8. That notice similarly reflected the same Lakeland mailing address.

Moreover, review of the docket reveals that no summons has been issued. Thus, service has not been properly effectuated.

Under Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The Court's Order to Show Cause provided Plaintiffs with notice and the opportunity to effect service. Plaintiffs have failed to respond to the Court's Order, failed to file proof of service on Defendant, and failed to seek an extension of time to do so. Accordingly, upon consideration, it is hereby

**ORDERED**:

1. This action is **DISMISSED without prejudice**.

2. The Clerk is directed to terminate any pending motions and deadlines and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on August 10, 2022.

_Charlene Edwards Honeywell_
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Raymond and Patricia Hammond, *pro se*
Counsel of Record