UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAYMOND A. HAMMOND and
PATRICIA J. HAMMOND,

    Plaintiffs,

v.                                               Case No: 8:21-cv-1658-CEH-MRM

CHARLES T. CANADY,

    Defendant.
_____/

**ORDER**

This matter comes before the Court on the Plaintiffs' Motion to the Court for Reconsideration (Doc. 10), filed on September 12, 2022. In the motion, Plaintiffs request the Court reconsider its order of dismissal without prejudice. The Court, having considered the motion and being fully advised in the premises, will deny Plaintiffs' Motion to the Court for Reconsideration.

**DISCUSSION**

Plaintiffs, Raymond and Patricia Hammond, initiated this claim against Florida Supreme Court Justice Charles T. Canady, challenging a state court foreclosure judgment. Doc. 1. The Court issued an Order to Show Cause on July 11, 2022, as Plaintiffs had failed to effect service. Doc. 6. The Court directed Plaintiffs to file a written response to the Court's Order to Show Cause within fourteen days. *Id.* The Court cautioned that failure to timely file a response would result in dismissal of the action without further notice. *Id.* at 2. Thirty days lapsed, and Plaintiffs never

responded to the Court's Order other than to update their email addresses. Docs. 7, 8. The mailing address of record remained the same. Thus, the Court entered an order dismissing the case without prejudice on August 10, 2022. Doc. 9. Now before the Court is Plaintiffs' September 12, 2022, motion seeking reconsideration of the Court's Order of Dismissal.

Federal Rules of Civil Procedure 59(e) and 60 govern motions for reconsideration. Motions for reconsideration filed within 28 days of a court's judgment are governed by Rule 59(e), whereas motions for reconsideration filed after the 28–day period are governed by Rule 60(b). Fed. R. Civ. P. 59(e) and 60(b). Motions for reconsideration under Rule 60(b) are appropriate only where there is "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, fraud, a void judgment, or a judgment that has been satisfied or is no longer applicable. Fed. R. Civ. P. 60(b); *see also Am. Bankers Ins. Co. of Fla. v. Nw. Nat.'l Ins. Co.*, 198 F.3d 1332, 1338 n.4 (11th Cir. 1999).

"A motion for reconsideration must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Florida Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998) (quoting *Cover v. Wal–Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)). Courts generally recognize three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *Id.*

Additionally, a motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented prior to the entry of judgment. *See Arthur v. King*, 500 F.3d 1335, 1343-44 (11th Cir. 2007); *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992); *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd 87 F.3d 1242 (11th Cir. 1996) ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time.").

Plaintiffs' motion was not filed within 28 days, and thus Rule 60(b) provides the framework as to whether the Court should grant reconsideration. However, under either rule, Plaintiffs' motion fails.

In their motion, Plaintiffs contend they first filed this action in the Orlando Division of the Middle District of Florida on July 9, 2021 and almost immediately the case was transferred to the Tampa Division and assigned a Tampa Division case number.[1] According to Plaintiffs, they deposited copies of the Petition for Writ of

---

[1] There is no docket entry to reflect the transfer. However, the docket reflects the filing fee was received in Orlando. The case was assigned a Tampa case number upon filing. This may be because the Plaintiffs' county of residence is Polk County, *see* Doc. 1-50, which is in the Tampa Division of the Middle District of Florida. However, the documents attached to Plaintiffs' Complaint reference property in Palm Beach County, Florida, and thus it appears this matter should have been initiated in the Southern District of Florida in the first instance.

3

Mandamus with "United Parcel Service"[2] on July 9, 2021 for delivery to Defendants. Plaintiffs aver they visited the courthouse in Tampa on August 30, 2021, to deposit proofs of service. Plaintiffs attach as Appendices 1 and 2 what they claim demonstrates proof of service on Defendants. Plaintiffs provide no new evidence to demonstrate that service of the Petition was ever properly effected. The documents that Plaintiffs attach as Appendix 1 (Doc. 10 at 4–10) are the same documents previously filed (Doc. 4, 4-1) and which the Court found to be insufficient to demonstrate that service had been effected. No summonses have been issued, and the "Proofs of Service" fail to identify what was sent to the Florida Supreme Court. Additionally, Plaintiffs attach a Notice of Appearance from the Shutts & Bowen law firm from a different case. Shutts & Bowen were attorneys of record for PNC Bank in that other action. Neither PNC Bank, nor Shutts & Bowen, are Defendants in this action.

Plaintiffs fail to allege a mistake, inadvertence, surprise, excusable neglect, or fraud to demonstrate reconsideration is warranted. Similarly, to the extent that Plaintiffs offer the U.S. Postal Service mail receipts to Shutts & Bowen, PNC Bank, and the Florida Supreme Court, attached at Appendix 2 (Doc. 10 at 12), as newly discovered evidence, this evidence is not new, these receipts still do not reflect what was sent, and it is clear no summonses have ever been issued. Thus, Appendix 2 does not demonstrate that service on Defendants occurred or was proper.  Moreover,

---

[2] It appears that Plaintiffs used the United States Postal Service, although it is unclear as Plaintiffs interchangeably reference "United Parcel Service" and "United States Postal Service."

4

Plaintiffs fail to explain why they did not timely respond to the Court's Order to Show Cause or seek an extension of time to do so. A district court may dismiss a plaintiff's claims pursuant to Rule 41(b) or the court's inherent authority to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). Plaintiffs' action was dismissed without prejudice.

Whether to grant a motion for reconsideration is "committed to the sound discretion of the district judge." *O'Neal*, 958 F.2d at 1047. The Court declines to grant Plaintiffs' motion for reconsideration. Plaintiffs have offered no new facts, change in intervening law, or evidence of manifest injustice to support that service has been properly effected in order to warrant reconsideration of the Court's prior order. Accordingly, it is

**ORDERED**:

1. Plaintiffs' Motion to the Court for Reconsideration (Doc. 10) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on November 14, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties